**DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP**
*Proposed Attorneys for the Debtors*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

Jonathan S. Pasternak, Esq.
Erica Feynman Aisner, Esq.

**HEARING DATE: May 6, 2015
HEARING TIME: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

CHAIRMASTERS INC.,

        Debtor.

Chapter 11
Case No. 15-22628(rdd)

---------------------------------------------------------------X
In re:

HONESDALE WOODCRAFT CORPORATION,

        Debtor.

Chapter 11
Case No. 15-22629(rdd)

---------------------------------------------------------------X

**DEBTORS' MOTION FOR ORDER AUTHORIZING
PAYMENT OF PREPETITION DATE WAGES, SALARIES,
VACATION PAY AND EMPLOYEE BENEFITS,
<u>PURSUANT TO 11 U.S.C. §§ 105, 363(b), 507(a)(4) AND 507(a)(5)</u>**

Chairmasters Inc. ("<u>Chairmasters</u>"), and Honesdale Woodcraft Corporation ("<u>Honesdale</u>")(Chairmasters and Honesdale are collectively referred to as the "<u>Debtors</u>"), debtors and debtors-in-possession, by and through their undersigned proposed counsel, hereby requests the entry of an order authorizing the payment of prepetition date wages, salaries, vacation pay and employee benefits, pursuant to 11 U.S.C. §§ 105, 363, 507(a)(4) and 507(a)(5) (the "<u>Motion</u>"). In support of the Motion, the Debtors' respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, 507(a)(4) and 507(a)(5).

## BACKGROUND

4. On May 1, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

5. The Debtors' continue to operate their business and property as debtors-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

6. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.

7. A motion to jointly administer these chapter 11 cases has been filed with the Bankruptcy Court and is currently *sub judice.*

8. Chairmasters, founded nearly seventy years ago is a furniture business whose customers include, *inter alia,* national clothing retailers, venues, hotel chains and restaurants.

9. Honesdale manufactures the furniture which is sold by Chairmasters.

**The Debtors' Pre-Petition Employee Obligations**

10. In the ordinary course of its business, the Debtors incur payroll obligations to their respective employees for the performance of their services.

11. Chairmasters employs twenty (24) hourly employees and four (4) salaried employees and its total weekly payroll (inclusive of the employer's portion of payroll taxes) is approximately $25,000. Honesdale employs twenty-two (22) hourly employees and one (1) salaried employee and its total weekly payroll is approximately $15,500 (inclusive of the employer's portion of payroll paxes).

12. The weekly payroll amounts for the Debtors' employees (the "<u>Employees</u>") differs from week to week slightly depending on the number of hours worked by "hourly" employees.

13. Payroll is paid each Thursday for the week prior such that the first payroll after the Petition Date which will be May 7, 2015 which include pre-petition wages for four (4) days (April 27-April 30). In addition, payroll for Chairmasters is processed through ADP and Honesdale processes its payroll in-house. However, both Debtors, either on its own behalf or via is payroll processing company, withdraw the amounts necessary to satisfy the Debtors' respective payroll obligations, including necessary withholdings for state and local taxes, voluntary savings plans and insurance programs as well as certain court ordered garnishments (the "<u>Debtor's Wage Obligations</u>"). The majority of the Debtor's Employees receive their net pay via direct deposit.

14. Continued payment of wages and salaries and the continuation, without interruption, of all savings plans, insurance plans and other compensation policies is necessary to ensure the ongoing services of the Debtors' Employees. The Employees are vital to the Debtors' continuing operations and to the ultimate ability of the Debtors to reorganize in these Chapter 11 cases.

15. As of the Petition Date, the Employees had earned or had accrued in their favor various sums or credit for (i) wages and salaries and vacation pay, and (ii) other employee benefits, including, without limitation, those due to or for the benefit of the Employees under various health, savings and vacation plans (collectively, the "<u>Compensation</u>").

16. As set forth above, the next payroll is scheduled to be paid on May 7, 2015 for the period April 25 - May 1, 2015 which includes Compensation earned by the Debtors' employees prior to the Petition Date and therefore may not be tendered without the authority of the Court.

17. The gross amount of funds necessary to cover the Compensation to Employees scheduled to be paid on May 7, 2015 is approximately $32,000. A detailed schedule of Compensation to be paid in the upcoming payroll which the Debtors seek authority to pay will be filed once produced by the Debtors and their payroll processing company which the Debtors expect to be prior to the hearing on this Application. It is important to note that the **Debtors do not seek to pay any single Employee an amount which exceeds the "statutory cap"** set forth in 11 U.S.C. Section 507(a)(4) and (5).

18. Any delay in paying the Compensation could severely disrupt the Debtors' relationship with its Employees and irreparably impair the Employees' morale at the very time that their dedication, confidence and cooperation are most critical. If the relief requested herein is not granted, the Debtors' Employees may suffer great hardship and, in many instances, financial difficulties, given that these monies are needed to enable them to meet their own personal obligations.

19. Therefore, the Debtors seek authorization, but not the obligation, to pay the following pre-Petition Date amounts as and when they become payable:

   a. Wages, salaries and vacation pay which would otherwise have been due on May 7, 2015 in the Debtors ordinary course of their business;

   b. workers' compensation and related benefits and claims of the Employees that arose or accrued prior to the Petition Date; and health, medical, and disability claims for the Employees, and the Debtors' portion of any and all premiums on insurance policies pertaining thereto, together with all costs and expenses incurred in connection with the servicing and processing of such claims that arose or accrued prior to the Petition Date.

   c. any required withholding and/or garnishments necessary to satisfy the Debtors' and/or Employees' obligations for child support or other court ordered garnishment.

20. To be clear, the Debtors' are not by this Motion seeking to assume any executory contracts. Also, the Debtors' seek only the authority to make the Compensation payments described herein to its Employees; it is not assuming any obligation to make such payments, nor is it assuming any prepetition or post-petition liability with respect thereto.

21. By and through this Motion, the Debtors' seek authority to pay or otherwise honor the various prepetition claims of the Debtors' Employees pursuant to Bankruptcy Code §§ 105, 363, 507(a)(4) and 507(a)(5).

## BASIS FOR RELIEF REQUESTED

22. Bankruptcy Code §§ 507(a)(4) and (a)(5) gives priority up to $12,475.00 per individual for prepetition claims for wages, salaries, commissions, vacation and sick leave and claims for contributions to employee benefit plans that accrued within one hundred and eighty (180) days of the Petition Date. *See,* 11 U.S.C. §§ 507(a)(4) and (a)(5). The Debtor's records indicate that the Compensation to be paid to any one Employee does not and will not exceed the amount to which any Employee would be entitled to priority under Bankruptcy Code §§ 507(a)(4) and (a)(5).

23. By this Motion, and pursuant to Bankruptcy Code §§ 363(b) and 105(a) and the "necessity of payment" doctrine, the Debtors seek authority, but not the obligation, to pay its outstanding prepetition obligations to their Employees in full.

24. Bankruptcy Code § 363(b)(1) provides in relevant part:

> The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b).

25. Bankruptcy Code § 105(a) further provides in relevant part:

> The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

5

11 U.S.C. § 105(a).

26. Accordingly, this Court is authorized to grant the relief requested herein under the provisions of the Bankruptcy Code as well as the "necessity of payment doctrine." Other courts have recognized the applicability of the "necessity of payment" doctrine with respect to the payment of prepetition employee compensation and benefits. *See, e.g.*, *Disability Compensation and Michigan Self-Insurers' Security Fund v. Chateaugay Corp. (In re Chateaugay Corp.),* 80 B.R. 279 (S.D.N.Y. 1987) (under "necessity of payment" doctrine, it is appropriate for bankruptcy court to defer to Debtors' business judgment in permitting payment of certain workers' compensation claims); *In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) ("This rule recognized the existence of judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor."). The Debtors submit that application of the "necessity of payment" doctrine is wholly warranted in this case. The continued operation of the Debtors' business is critical to maximizing the value of the assets and the businesses. Therefore, the continued service and loyalty of the Debtors' Employees are critical to ensure that the value of the business is realized throughout the administration of the Chapter 11 Cases.

27. The relief requested in this Motion is necessary and should be authorized under Bankruptcy Code §105(a). The Employees are vital to the continued operation of the Debtors' businesses and to their successful reorganization. Authorization to pay the Debtors' pre-petition obligations to their respective Employees is necessary to maintain morale and prevent many of the Employees from suffering extreme personal hardship or from seeking other employment. Accordingly, the Debtors submit that the relief sought herein is consistent with Bankruptcy Code §105(a).

28. Moreover, the Debtors' payment of their pre-Petition Date obligations to their Employees in the ordinary course of business should neither unduly prejudice general unsecured creditors nor

materially affect the Debtors' estates, because pursuant to Bankruptcy Code §§ 507(a)(4) and (a)(5) priority claims of the Employees are entitled to payment in full under a reorganization plan. *See,* 11 U.S.C. § 1129(a)(9)(B).

## **NOTICE AND NO PREVIOUS REQUEST REQUESTED**

29. The Debtors' have provided notice of the Motion to (i) the Office of the United States Trustee, (ii) the Debtors' twenty (20) largest unsecured creditors, (iii) the Debtors' five (5) largest secured creditors, and (v) all other persons and entities that have requested notice pursuant to Fed. R. Bankr. P. 2002.

30. The Debtors submit that no other or further notice is necessary.

31. The Debtors have not previously sought the relief requested herein from the Bankruptcy Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Bankruptcy Court enter an order substantially in the form attached hereto approving the Debtors' Motion authorizing, but not requiring, payment of pre-Petition Date Compensation and providing such other relief as the Court deems proper and just.

Dated: White Plains, New York
      May 1, 2015

                                    Respectfully Submitted,

                                    **DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP**
                                    *Proposed Attorneys for the Debtors*

                                    By: */s/ Erica Feynman Aisner*
                                          Erica Feynman Aisner, Esq.